UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JOHNY GABRIEL PEREZ-SANCHEZ,

Petitioner,

v.

JASON KNIGHT, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; BOYD G. BRIGGS, Supervisory Deportation Officer, Twin Falls Sub-Office, Immigration and Customs Enforcement; KYLE J. CAMPBELL, Deportation Officer, Twin Falls Sub-Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; and JARROD THOMPSON, Sheriff of Cassia County,

Respondents.

Case No. 1:26-cv-00393-AKB

**ORDER**

Pending before the Court is Petitioner Johny Gabriel Perez-Sanchez's Petition for Habeas Relief Under 28 U.S.C. § 2241 (Dkt. 1). Petitioner claims that he is a Mexican national who has lived in the United States since his entry without inspection (*id.* ¶ 1). Immigration and Customs Enforcement (ICE) agents seized Petitioner on June 25, 2026 (*id.* ¶¶ 5, 54). Petitioner is currently detained at the Cassia County Detention Center in Burley, Idaho (*id.* ¶ 1). Petitioner contends his detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have determined he is subject to mandatory detention

without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A) (*id.* ¶¶ 1, 5). Petitioner has also filed a Motion for Temporary Restraining Order (Dkt. 2).

Having considered the petition, the Court finds Petitioner may be entitled to relief. The Court therefore orders Respondents to respond to the petition in accordance with the instructions set forth below. *See Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (holding court may adjust habeas procedures based on "equitable and prudential considerations").

Judges in this District have repeatedly explained their disagreement with DHS's interpretation of § 1225, which is consistent with the majority of courts to address the issue. The Court sees no reason to revisit that analysis absent contrary binding authority. Nevertheless, the Court recognizes that each case is different, and thus justice is best served by allowing Respondents an opportunity to respond and explain why this case should result in a different outcome. The Court does not, however, need extensive briefing on the interplay between §§ 1225 and 1226, as the parties' respective positions are well established. Thus, a brief statement summarizing those arguments will suffice. The parties should instead focus their briefing on the specific facts of this case.

## ORDER

**IT IS ORDERED that:**

1. Respondents shall file a response to the Petition for Writ of Habeas Corpus (Dkt. 1) and to Petitioner's Motion for Temporary Restraining Order (Dkt. 2) no later than **July 6, 2026**.

2. Petitioner shall have an opportunity to file a reply no later than **July 9, 2026**.

3. Service of the Petition and this Order shall be made by Petitioner on the United States Attorney for the District of Idaho by **July 2, 2026**, and shall constitute good and sufficient service.

4. To further expedite adjudication of this matter, the Clerk of Court is directed to promptly provide a copy of the Petition and this Order to the United States Attorney's Office for the District of Idaho via email at USAID.HabeasPetitions@usdoj.gov. The Clerk shall also serve a copy of the Petition, Motion for Temporary Restraining Order, and this Order upon Respondents by certified mail.

5. To preserve the status quo, and pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioner may not be removed from the United States or the District of Idaho until further order of this Court.

6. To further preserve the status quo, and protect the Petitioner's right to continued access to counsel, during the briefing and hearing process and until the Court can issue a decision, Respondents may not engage in activities or communications with the Petitioner in an effort to secure the abandonment of his rights in this action or regarding his rights in removal proceedings, without the presence of counsel.

UNITED STATES COURTS DISTRICT OF IDAHO

**DATED:** June 29, 2026

Amanda K. Brailsford

**Amanda K. Brailsford**
U.S. District Court Judge