UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| JOHNY GABRIEL PEREZ-SANCHEZ,<br><br>        Petitioner,<br><br>v.<br><br>JASON KNIGHT, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; BOYD G. BRIGGS, Supervisory Deportation Officer, Twin Falls Sub-Office, Immigration and Customs Enforcement; KYLE J. CAMPBELL, Deportation Officer, Twin Falls Sub-Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; and JARROD THOMPSON, Sheriff of Cassia County,<br><br>        Respondents. | Case No. 1:26-cv-00393-AKB<br><br>**ORDER GRANTING PETITION FOR HABEAS CORPUS** |

Pending before the Court is Petitioner Johny Gabriel Perez-Sanchez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order (TRO) (Dkt. 2). For the reasons explained below, the Court grants the Petition in part and denies the TRO as moot.

## I.    BACKGROUND

Petitioner, a native of Mexico, has lived in the United States since his entry without inspection (Dkt. 1 ¶ 1). On June 25, 2026, Immigration and Customs Enforcement (ICE) seized

**ORDER GRANTING PETITION – 1**

Petitioner (*id.* ¶¶ 5, 54). He is currently detained at the Cassia County Detention Center in Burley, Idaho (*id.* ¶ 1).

Petitioner contends his detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A) (Dkt. 1 ¶¶ 1, 5). Specifically, he argues that § 1225(b)(2) "does not apply to people like [him] who have already entered and were residing in the United States at the time they were apprehended (*id.* ¶ 46).

On June 26, the Court ordered the Government to respond to Petitioner's petition (Dkt. 8). Briefing is now complete, and the issue is ripe for a decision.

## II.    ANALYSIS

As with many other immigration-related habeas corpus petitions filed in this District, this case concerns the detention provisions at §§ 1226(a) and 1225(b)(2). The Court has repeatedly explained its disagreement with DHS's interpretation of § 1225. *See Guadarrama Ayala v. Henkey*, No. 25-cv-00682-AKB, 2025 WL 3754138 (D. Idaho Dec. 29, 2025); *Beltran Orellana v. Henkey*, No. 26-cv-00013-AKB, 2026 WL 194734 (D. Idaho Jan. 26, 2026). To the extent the Government's arguments are identical to those this Court rejected in prior cases, the Court incorporates by reference and adopts its analysis and rulings in *Guadarrama Ayala* and addresses only those arguments specific to this case.

This Court's previous cases definitively answer the legal question—§ 1226(a) applies because Petitioner was already present in the country and he is not subject to §§ 1225(b)(1), 1226(c), or 1231. *Jennings v. Rodriguez*, 583 U.S. 281, 288–89, 298 (2018). "The question of remedy, however, is slightly more complex here." *Garcia Ortiz v. Henkey*, No. 26-cv-00043-BLW,

2026 WL 295743, at \*2 (D. Idaho Feb. 4, 2026). Petitioner asks the Court to order his immediate release or, alternatively, order the Government to provide him with a bond hearing within twenty days (Dkt. 1 at 17). The Government argues that outright release is inappropriate because Petitioner is a danger to the community given his recent history of state jail sentences (Dkt. 11 at 3). They also argue he is a flight risk because of his recent arrest for failure to appear in court (*id.*). Thus, the Government maintains that if the Court determines § 1226(a) applies, ICE should be ordered to follow the process outlined in § 1226(a) to assess whether Petitioner is a danger to the community and a risk of flight (*id.* at 4). Notably, Petitioner did not reply to the Government's brief, despite being afforded an opportunity to do so.

The Court has previously found that where the Government has made a showing of danger to the community and risk of flight, "the Court cannot say with certainty that release is the appropriate remedy." Order Granting Petition for Habeas Corpus at 5, *Ramirez Juarez v. Leyva*, No. 26-cv-00249-AKB (D. Idaho May 11, 2026), Dkt. 10 (quoting *Garcia Ortiz v. Henkey*, No. 26-cv-00043-BLW, 2026 WL 295743, at \*2 (D. Idaho Feb. 4, 2026); *see also Custodio Ixcoy v. Leyva*, No. 26-cv-00298-AKB, 2026 WL 1965708, at \*1 (D. Idaho July 7, 2026).

Here, Petitioner has multiple convictions in 2024 for driving under the influence, driving without privileges, and a probation violation (Dkt. 11-1 ¶ 23(a)–(c)). On April 6, 2026, Petitioner was arrested for violation of two counts of failure to appear (*id.* ¶ 23(d)). Although Petitioner argues these convictions are not indicative of his danger to the community and flight risk (Dkt. 1 ¶¶ 52–54), that determination is not for this Court to make. The Court finds that the Government has asserted a legitimate argument that Petitioner's detention is necessary to protect the community given the seriousness and recency of his convictions (Dkt. 11 at 3–4). A district court has equitable discretion, "as law and justice require," to remedy unlawful detention in a habeas petition pursuant

to § 2241. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022). Despite this discretion, however, relief "should be no more burdensome to the [respondent] than necessary to provide complete relief to the [petitioner] before the court*." E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021) (quoting *Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476, 511 (9th Cir. 2018)). Thus, relief "must be narrowly tailored to remedy the specific harm shown." *Id.*

For individuals detained under § 1226(a), the Attorney General may either "continue to detain the arrested alien," or "release the alien on (A) bond of at least $1,500," or "(B) conditional parole." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (quoting § 1226(a)(1)–(2)). When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. 8 C.F.R. § 236.1(c)(8). The alien will be released if he "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *Id.* If the alien is denied bond, he can seek an individualized bond hearing before an immigration judge at any time before a final order of removal. *Id.* § 236.1(d)(1). If, at this hearing, the detainee demonstrates by a preponderance of the evidence that he is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his release. *Rodriguez Diaz*, 53 F.4th at 1197.

As a noncitizen detained under § 1226(a), Petitioner has a statutory right to a bond hearing. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1236(d)(1)). Because the Government has made a showing of danger to the community and risk of flight, "the Court cannot say with certainty that release is the appropriate remedy." *See Garcia Ortiz*, 2026 WL 295743, at *2. Therefore, the Court grants Petitioner's petition for writ of habeas

**ORDER GRANTING PETITION – 4**

corpus in part and orders the Government to provide him with an individualized bond hearing before an immigration judge within seven days of this order.

The Court cautions the Government to provide Petitioner with an individualized bond hearing that comports with the basic requirements of due process. "In a constitutionally valid bond hearing, an alien '(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her, (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'" *Garcia Ortiz v. Henkey*, No. 26-cv-00043-BLW, 2026 WL 948275, at *3 (D. Idaho Apr. 7, 2026) (quoting *Kamara v. Att'y Gen. of the U.S.*, 420 F.3d 202, 211 (3d Cir. 2005)). The immigration judge should consider only evidence in the record and create a "Record of Proceeding." 8 C.F.R. § 1003.36. If Petitioner is denied bond without a constitutionally adequate hearing, the Court may consider additional relief, including release from custody. *See Garcia Ortiz*, 2026 WL 948275, at *4 (ordering petitioner's release because "'rubber-stamp' denial is a violation of due process and of this Court's previous Order").

### III.   ORDER

**IT IS ORDERED that:**

1.     Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**. The Government must either release Petitioner or provide him with an individualized bond hearing pursuant to 8 U.S.C. § 1226 which comports with basic due process requirements within **seven (7) days** of the date of this Order.

2.     The Government shall file a status report within **ten (10) days** of the date of this Order confirming compliance with this Order. The status report shall detail if and when the ordered bond hearing occurred, if bond was granted or denied, and if denied, the reason for that denial.

3.      Petitioner's Motion for Temporary Restraining Order (Dkt. 2) is **DENIED AS**

**MOOT**.

DATED: July 23, 2026

*Amanda K. Brailsford*

**Amanda K. Brailsford**
U.S. District Court Judge

**ORDER GRANTING PETITION – 6**