UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHNY GABRIEL PEREZ-SANCHEZ,<br><br>      Petitioner,<br><br>v.<br><br>JASON KNIGHT, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; BOYD G. BRIGGS, Supervisory Deportation Officer, Twin Falls Sub-Office, Immigration and Customs Enforcement; KYLE J. CAMPBELL, Deportation Officer, Twin Falls Sub-Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; and JARROD THOMPSON, Sheriff of Cassia County,<br><br>      Respondents. | Case No. 1:26-cv-00393-AKB<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER AND ORDERING GOVERNMENT TO RESPOND** |

Pending before the Court is Petitioner Johny Gabriel Perez-Sanchez's Motion to Enforce the Court's July 23, 2026, Order and for Immediate Release; or, in the Alternative, to Alter or Amend the Judgment Under Fed. R. Civ. P. 59(e) (Dkt. 16; Dkt. 17) and Motion for Temporary Restraining Order (TRO) and Preliminary Injunction (Dkt. 18). For the reasons explained below, the Court grants in part and denies in part the TRO and orders Respondents to respond to Petitioner's motion to enforce.

**ORDER – 1**

On June 26, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that his detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A) (Dkt. 1 ¶¶ 1, 5). On July 23, the Court granted his petition in part, finding that Petitioner's detention was governed by § 1226(a); however, because Respondents made a showing of danger to the community and risk of flight, the Court determined that release was not the appropriate remedy (Dkt. 15 at 4–5). Accordingly, the Court ordered Respondents to provide him with an individualized bond hearing before an immigration judge (IJ) within seven days of the Order (*id.* at 5). The Court advised that the failure to provide Petitioner with an individualized bond hearing that comports with the basic requirements of due process could result in Petitioner's release (*id.*).

On July 29, 2026, Petitioner went before an IJ for a bond hearing[1] (Dkt. 16 at 2). The IJ denied bond, finding Petitioner to be a flight risk (*id.* at 4; Dkt. 16-1 at 1). The following day, Petitioner filed a motion to enforce the Court's July 23 Order, arguing he was not provided meaningful advance notice of the hearing or a meaningful opportunity to review the Government's materials (Dkt. 16 at 14). Petitioner further argues that counsel's opportunity to be heard was materially limited because the IJ denied counsel's request for a continuance, despite that Petitioner's motion, brief, and exhibits were filed less than twenty minutes before the hearing (*id.* at 14–15).

---

[1]    Counsel for Petitioner contends that the hearing was recorded and that counsel possesses the recording and a transcript. Because the recording will aid the Court in resolving the instant motion, it asks that the parties provide both, if available.

**ORDER – 2**

Petitioner also seeks a TRO (1) barring Respondents from moving Petitioner from the District of Idaho; (2) prohibiting any communication with Petitioner concerning his rights; (3) ordering his immediate release from custody; and (4) barring Petitioner's removal from the United States (Dkt. 18 at 2). Petitioner maintains that prohibiting his removal from the District or from the United States is necessary "to preserve the Court's jurisdiction and prevent Respondents from mooting" the motion to enforce (*id.*).

To assist the Court in resolving Petitioner's motion to enforce (Dkt. 16; Dkt. 17), the Court orders Respondents to respond within **seven (7) days** of this order. Petitioner may reply, if he so chooses, within **three (3) days** of Respondents' response.

Addressing Petitioner's motion for TRO, the Court does not believe removal from the District of Idaho would strip this Court's jurisdiction over the matter. "The plain language of § 2241 authorizes judges to grant habeas relief 'within their respective jurisdictions.'" *Doe v. Garland*, 109 F.4th 1188, 1197–98 (9th Cir. 2024) (quoting 28 U.S.C. § 2241(a)). The Court maintains its jurisdiction—despite subsequent transfers—because "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)). Here, Petitioner was initially detained in Burley, Idaho, where he then filed his petition (Dkt. 1 ¶ 1). Because the petition was filed in the proper judicial district where Petitioner was in custody at the time of filing, any subsequent transfer would not defeat the Court's jurisdiction over the matter.

Furthermore, 8 U.S.C. § 1252(g) deprives the Court of jurisdiction over claims arising from the Government's decision to execute removal orders against any alien. In *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), the Supreme Court determined that

**ORDER – 3**

habeas relief applies to petitioners seeking release from executive detention but not to petitioners seeking to remain in the United States. *Id.* at 116-19. There, the petitioner filed a petition for writ of habeas, seeking to remain in the United States during the pendency of his asylum application. *Id.* at 118–19. The Court explained that the "core" of habeas relief is release from unlawful executive detention, not the right to remain in a country. *Id.* at 119. Where "[petitioner] did not ask to be released," but rather sought relief from removal, [petitioner] was seeking relief that fell "outside the scope of the common-law habeas writ." *Id.* at 117–18.

Like the petitioner in *Thuraissigiam*, Petitioner is seeking more than "a remedy for unlawful executive detention"—he seeks to remain in the United States, even if that requires staying in custody. That is something the Court cannot do. In the event Petitioner is ultimately ordered removed, "[o]ur immigration laws allow an alien to challenge an order of removal before it's executed and . . . request a stay of removal during judicial proceedings reviewing the agency's removal decision." *Rauda v. Jennings*, 55 F.4th 773, 780 (9th Cir. 2022).

The Court likewise declines to order Petitioner's immediate release. The Court will, however, order Respondents not to communicate with Petitioner concerning his rights, responsibilities, or possible outcomes of any proceeding regarding his removal from the United States or these proceedings, absent the presence of counsel.

## ORDER

**IT IS ORDERED that:**

1.      Respondents shall file a response to Petitioner's Motion to Enforce the Court's July 23, 2026, Order and for Immediate Release; or, in the Alternative, to Alter or Amend the Judgment Under Fed. R. Civ. P. 59(e) (Dkt. 16; Dkt. 17) no later than **August 6, 2026**.

2.      Petitioner shall have an opportunity to file a reply no later than **August 11, 2026**.

**ORDER – 4**

3.    Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction

(Dkt. 18) is **GRANTED in part and DENIED in part**.

a.    To preserve the status quo, and protect the Petitioner's right to continued

access to counsel, during the briefing and hearing process and until the

Court can issue a decision, Respondents may not engage in activities or

communications with the Petitioner in an effort to secure the abandonment

of his rights in this action or regarding his rights in removal proceedings,

without the presence of counsel.

DATED: July 30, 2026

Amanda K. Brailsford
U.S. District Court Judge

ORDER – 5